## JAMES H. BARBIN *v.* POLICE JURY OF AVOYELLES.

*B.* contracted with the Police Jury of the parish of Avoyelles for the establishment of a public road from a certain point in the parish to his landing on Red River, for the purpose of carrying on the receiving and forwarding business—*Held :* That the private.interest of *B.* was a sufficient consideration for the agreement on his part, and the incidental public advantage to the parish authorized the action of the Police Jury in the establishment of the road as a public highway.

Where an act, authorized by law, gives rise to damage, it is *damnum absque injuria.*

APPEAL from the District Court of the Parish of Avoyelles, *Cullom, J.*
F. P. *Hitchborn*, for plaintiff and appellant.    *Irion*, for defendant.

LAND, J.   A public road was established by order of the defendant, the Police Jury, from a certain coulee near the town of Marksville to the plaintiff's landing on Red River in the parish of Avoyelles, *upon an understanding with the plaintiff*, that the road should never be of any expense to the parish, in its construction or repairs.

The plaintiff, at the time, intended to engage in. the receiving and forwarding business, at his landing, and for the purpose of increasing his business, constructed at his own expense on the line of the public road, *levees and bridges* across the swamp situated between his premises and the high land.

The Police Jury, afterwards, caused a bridge to be erected over a stream called the Bayou Rouge, which enabled and induced certain inhabitants of the parish, (who had not done so previously) to travel over the road made by plaintiff.

For the use thus made of the road, in consequence of the erection of the bridge over the Bayou Rouge, this suit was instituted to recover damages from the parish, on the grounds that the establishment of the road did not divest plaintiff's title to the land over which it was made; nor his right and title to the road itself.

It is alleged in defendant's answer that, "The said *Barbin* pledged himself to the Police Jury, that he would bear all the expenses of making and keeping the said road in repair, and that it should never cost the parish anything." And the plaintiff admits in his argument or brief, that "the Police Jury accepted the same as a public road with the *distinct understanding*, as alleged in their answer, that said road should never be any expense to the parish."

This understanding was a contract between plaintiff and defendant and cannot be revoked unless by mutual consent of the parties, or for causes acknowledged by law. And it waived all right on the part of the plaintiff, to compensation either for his land, or for his labor in the construction or repair of the levees and bridges on the line of the road.

The private interest of plaintiff was a sufficient consideration for the agreement on his part, and the incidental public advantage authorized the action of the Police Jury in the establishment of the road as a public highway.

The only act of the Police· Jury, complained of, is the construction of the bridge over the Bayou Rouge ; *but this act was authorized by law,* and did not therefore *give any cause of action* to plaintiff *for damage sustained in consequence thereof.*   The damage, if any, was *damnum absque injuria.   Bennett* v. *City of New Orleans,* 14 An. p. 120.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.